IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KARLA J.,

        Plaintiff,

v.                                  CIVIL ACTION NO. 3:22-0125

KILOLO KIJAKAZI,
Acting Commissioner of the
Social Security Administration,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Karla J. instituted this action under 42 U.S.C. § 405(g) on March 8, 2022, seeking judicial review of the Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB"). By standing order, this action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, who filed his Proposed Findings and Recommendations ("PF&R") on January 30, 2023. PF&R, ECF No. 14. Judge Tinsley recommends that this Court grant the Commissioner's request to affirm her decision, deny Plaintiff's request to reverse the Commissioner's decision, and dismiss this case from the Court's docket. Now pending before the Court is Plaintiff's Objections to the PF&R (ECF No. 15), filed on February 13, 2023, which the Court will assess under a *de novo* standard of review. 28 U. S. C. § 636(b)(1)(C).

Upon application of this standard, and for the reasons stated herein, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS AND INCORPORATES HEREIN** the Proposed Findings and Recommendations. The Court **DENIES** Claimant's request to reverse the

Commissioner's decision (ECF No. 9), **GRANTS** the Commissioner's request to affirm her decision (ECF No. 12), **AFFIRMS** the final decision of the Commissioner, and **ORDERS** this case stricken from its docket.

## I. BACKGROUND

On January 23, 2019, Plaintiff brought her claim alleging disability due to multiple conditions. Her claim alleges she became disabled on January 17, 2019, due to chronic obstructive pulmonary disease ("COPD"), hyperthyroidism, chronic cough, endometriosis with coccydynia, bilateral knee osteoarthritis, lumbar pain with bilateral sciatica, failed right shoulder, anxiety, depression, and post-traumatic stress disorder ("PTSD"). Tr. of Proceedings at 121, 206-212, ECF No. 8. The Commissioner denied her claim both initially and upon reconsideration. *Id*. at 82-113. At Plaintiff's request, an administrative hearing was held before an Administrative Law Judge ("ALJ") by videoconference on May 20, 2021. *Id*. at 47, 140.

In a written decision dated July 22, 2021, the ALJ found that Plaintiff was not disabled as defined by the Social Security Act. *Id*. at 19-34. That decision determined that Plaintiff suffers from several impairments including right AC arthropathy, degenerative disc disease with sciatica, and COPD, pursuant to 20 C.F.R. 404.1520(c). *Id*. at 25. However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 28-29. Additionally, the ALJ found that Plaintiff retains "the residual functional capacity to perform medium work as defined in 20 C.F.R. 404.1567(c)" with limited exceptions. *Id*. at 29. Further, the ALJ found that Plaintiff is capable of performing past relevant work as a sleep lab technician, receptionist, EKG technician, hotel desk clerk, and food service worker, as "[t]his work does not require the performance of work-related activities precluded by the claimant's residual functional capacity."

*Id*. at 32. In addition to past relevant work, the ALJ found that "there are other jobs that exist in significant numbers in the national economy that the claimant also can perform" taking into account her personal characteristics. *Id*. at 33. Based upon these findings, the ALJ denied Plaintiff's application for DIB.

Plaintiff sought review of the decision by the Appeals Council, but that request for review was denied on January 10, 2022, rendering the ALJ's decision final. *Id*. at 1-7. Plaintiff timely brought the present action on March 8, 2022, seeking judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). Compl., ECF No. 2. When the matter became ripe for review, the Magistrate Judge issued a PF&R containing a thorough analysis of the relevant information regarding Plaintiff's personal, medical, and procedural history.

## II. LEGAL STANDARD

This Court must "make a de novo determination of those portions of the ... [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U. S. C. § 636(b)(1). The scope of this Court's review of the Commissioner's decision, however, is narrow: this Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citing 42 U. S. C. § 405(g) (providing "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive") (other citation omitted)). Substantial evidence is "more than a mere scintilla" of evidence, but only such evidence "as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U. S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U. S. 197, 229 (1938)).

In conducting this review, this Court also must address whether the ALJ analyzed all of the relevant evidence and sufficiently explained his rationale in crediting or discrediting certain evidence. *See Milburn Colliery Co. v. Hicks*, 138 F. 3d 524, 528 (4th Cir. 1998); *see, e.g.*, *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987) (remanding claim for disability benefits because ALJ did not adequately explain why he credited one doctor's views over those of another). It is the ALJ's duty, however, not the courts, "to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citations omitted). If there is conflicting evidence and reasonable minds could differ as to whether a claimant is disabled, it is the Commissioner or his designate, the ALJ, who makes the decision. *Craig*, 76 F.3d at 589 (citation omitted). "The issue before [this Court], therefore, is not whether [Petitioner] is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id*. (citation omitted).

### III. DISCUSSION

Plaintiff's Objections articulate seven issues which she asserts the ALJ failed to address, in contravention of the law. Pl.'s Objs. at 2-6. However, the Court finds that the PF&R provides a comprehensive and well-articulated basis for concluding that the ALJ's decision was supported by substantial evidence. Accordingly, each of Plaintiff's Objections is **DENIED**.

#### A. Objection 1: The ALJ's Analysis of the Mental Health Reports

First, Plaintiff's Complaint contends that the ALJ erred in evaluating the medical opinion evidence on the record, as he did not discuss "the persuasiveness" of the medical opinions from several of the Agency's psychologists and a doctor. *See* Br. in Supp. of J. on the Pleadings at 6-8, ECF No. 9; PF&R at 18. Plaintiff again raises this contention in her objections to the PF&R. Pl.'s

Objs. at 2-3. As more thoroughly explained in the PF&R, the persuasiveness of medical opinion evidence must be evaluated by ALJs pursuant to exacting criteria. PF&R at 19-20 (citing, *inter alia*, the factors listed in 20 C.F.R. 416.920c(c)). However, not all medical evidence falls within the scope of medical opinion. *See* 20 C.F.R. 404.1513(a)(2) (defining "medical opinion"). A "medical opinion" makes findings as to "whether [a claimant has] one or more impairment-related limitations or restrictions" in a listed area of ability. *Id.*; *see also Ayala v. Kijakazi*, — F. Supp. 3d —, 2022 WL 3211463, at *16-18 (S.D.N.Y. 2022) (remanding an ALJ's opinion on the grounds that it failed to properly explain the persuasiveness of a medical opinion). In the PF&R, Magistrate Judge Tinsley agreed with Plaintiff that the ALJ did not apply the relevant persuasiveness factors but found that—unlike in *Ayala*—the at-issue medical evidence did not contain findings as to any "impairment-related limitations or restrictions." PF&R at 21-22. Accordingly, the Magistrate Judge concluded that the ALJ made no legal error. *Id.* at 22.

The Court concurs. The ALJ did not explain the supportability and consistency factors as required by § 404.920c(c) and § 404.1520c(b)(2) when evaluating the consultative examination reports of agency psychologists Kara Gettman-Hughes, M.A., and Weill Steinhoff, M.A., as well as that of agency physician Stephen Nutter, M.D. *See* Tr. of Proceedings at 26-27. An ALJ's failure to explain the supportability and consistency factors in evaluating the persuasiveness of opinion evidence is grounds for remand. *See Ayala*, 2022 WL 3211463, at *16-18. However, none of the medical specialists' opinions offered opinions or conclusions regarding Plaintiffs' ability to perform the mental or physical demands of work activities, to perform the other demands of work, or to adapt to environmental conditions. *See* Tr. of Proceedings at 409-13 418-19, 438-441. The PF&R therefore correctly concluded that the ALJ made no legal error in failing to apply the supportability and consistency factors to the at-issue reports. Therefore, the objection is **DENIED**.

**B. Objections 2, 3, and 6: The ALJ's Alleged Failure to Mention the Date of a Medical Opinion, the Result of a Dynamometer Test, and Various Laboratory Tests**

Second, Plaintiff's Objections allege an illegal failure by the ALJ to "mention" three specific pieces of evidence: that (1) "the non-examining opinion in Exhibit 1A . . . was outdated," (2) Plaintiff's dynamometer test results showed below-normal grip strength, and (3) various laboratory tests supported her symptoms of fatigue and a diagnosis of an autoimmune disorder. Pl.'s Objs. at 3-5. As noted by the Commissioner in her Response, Plaintiff's objections to the ALJ's lack of discussion of the dynamometer and laboratory test results were properly raised in her initial briefing before the Magistrate Judge. Def.'s Resp. to Pl.'s Objs. at 1-3; *see* Br. in Supp. of J. on the Pleadings. On the other hand, Plaintiff's objection to the ALJ's failure to discuss the age of the opinion in Exhibit 1A was not on the record before Magistrate Judge Tinsley. *See id*.

The Court notes that the record concerning Plaintiff's medical conditions exceeded one thousand pages. *See* Tr. of Proceedings & Continuations 1-6, ECF Nos. 8-1 to 8-6. While the ALJ must base his decision upon consideration of the record as a whole, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2016) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)); *see also* PF&R at 23-24 (collecting cases which found the same). This Court is instructed to find whether the ALJ's decision is supported on the record by substantial evidence—not to formulaically check boxes as each piece of evidence is cited by the ALJ. *See Reid*, 769 F.3d at 865. The PF&R provides a thorough analysis of the ALJ's decision in conjunction with the record, finding that the ALJ's failure to mention specific pieces of evidence

does not disturb his conclusions. PF&R at 23-27. This would include the laboratory and dynamometer test results. Accordingly, Objections 3 and 6 are **DENIED**.

Plaintiff's objection as to the ALJ's failure to mention the age of the non-examining opinion in Exhibit 1A is likewise to no avail. The report Plaintiff objects to concerns her mental health, and is dated May 28, 2019. Pl.'s Objs. at 3; Tr. of Proceedings at 91. First, as noted above, Plaintiff did not properly raise this objection before the Magistrate Judge. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Lester for Lester v. Saul*, No. 1:18-00906, 2019 WL 4678127, at *2 (S.D.W. Va. Sept. 25, 2019) (quoting *Harris v. Astrue*, No. 2:11–cv–01590–DCN, 2012 WL 4478413, at *5 (D.S.C. Sept. 27, 2012), *aff'd*, *Harris v. Comm'r of Soc. Sec. Admin.*, 538 Fed. App'x 293 (4th Cir. 2013)).

Second, while Plaintiff objects to the length of time which passed between the medical opinion and the ALJ's consideration of that opinion, it is well-established that ALJs may rely upon reports regardless of the passage of time between the creation of the report and the hearing. *See Thomas v. Colvin*, No. 3:13-CV-56, 2014 WL 2892360, at *7 (N.D.W. Va. June 25, 2014) (citing *Chandler v. Comm'r of Social Security*, 667 F.3d 356 (3rd Cir. 2011)). This is "because state agency review precedes ALJ review, there is always some time lapse between the consultant's report and the ALJ hearing and decision. The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it." *Chandler*, 667 F.3d at 361. Accordingly, the Court **DENIES** Objection 2.

### C.  Objection 4: The ALJ's Step 1 Analysis

Plaintiff next argues that the ALJ failed to "perform a proper Step 1 analysis regarding [Plaintiff's] earnings." Pl.'s Objs. at 5. As outlined at length in the PF&R, ALJs considering claims for DIB employ a five-step sequential evaluation process established by the Social Security

Administration. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see* PF&R at 13-16. The first step requires the ALJ to determine whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in such activity, the analysis stops and the claimant is denied. If the claimant is not engaged in substantial gainful activity, the ALJ's analysis proceeds to the next step. *See id*. Here, the ALJ's step one analysis found that Plaintiff had not engaged in substantial gainful activity since January 17, 2019, the alleged onset date. Tr. of Proceedings at 25. Accordingly, the ALJ progressed the step two of the sequential evaluation process. *Id*. The PF&R discussed this determination and broadly found the ALJ's sequential evaluation process to be supported by the record. PF&R at 16, 25.

The Court is at a loss as to why Plaintiff has raised this "objection." The ALJ found in her favor as to step one of the sequential evaluation process and the PF&R did not disturb this finding. The ALJ's finding that she did not engage in substantial gainful activity at all during the relevant period is arguably more favorable to her than the narrative of employment raised in the objection. *Compare* Tr. of Proceedings at 25 *with* Pl.'s Objs. at 5. The Court **DENIES** the objection.

### D. Objection 5: The ALJ's Step 4 Analysis

Again, the thrust of Plaintiff's objection is opaque. Step four of the sequential evaluation process requires ALJs to determine whether a claimant has the residual functional capacity to perform the requirements of their past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's residual functional capacity ("RFC") reflects their "ability to perform work despite [their] limitations." *Patterson v. Comm'r of Soc. Sec.*, 846 F.3d 656, 659 (4th Cir. 2017). Here, in step four, the ALJ made the determination that Plaintiff could perform past relevant work as a sleep lab technician, receptionist, EKG technician, hotel desk clerk, and food service worker, as "[t]his work does not require the performance of work-related activities

precluded by the claimant's [RFC]." Tr. of Proceedings at 32. Plaintiff objects to this determination on the grounds that "all six of [Plaintiff's] jobs were composite positions," and accordingly characterizes the ALJ's analysis as inadequate to meet the step four standard. Pl.'s Objs. at 5.

Why would the composite nature of prior positions require a determination that Plaintiff could no longer perform them, given her RFC? Plaintiff's objection does not explain any further. Nor does the objection cite to any authority which could elucidate the nature of her complaint. First, the objection cites to a general statement of law that the ALJ "has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record." *Id*. (quoting *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986)). Why this duty would necessitate a finding under step four that composite positions are precluded by Plaintiff's RFC is unexplained. Next, the objection string-cites three sources: a policy statement explaining step four, generally, SSR 82-61, 1982 WL 31387; a Social Security Program Operations Manual System (POMS) describing how to determine if a job is composite, POMS DI 25005.020(B); and a policy statement indicating ALJ's are bound by POMS, SSR 13-2p, 2013 WL 621536, at *15. In tandem, these documents support the proposition that ALJs must employ a system for determining what work is composite when analyzing step four. But again, the objection leaves unelucidated why this would indicate Plaintiff's RFC precludes her from performing past relevant work.

Additionally, Plaintiff's objection to this finding was not properly raised before the Magistrate Judge. Regardless, the Court now finds that the objection fails to raise a clear error of law as to the ALJ's step four analysis pursuant to 20 C.F.R. § 404.1520(a)(4)(iv) and § 416.920(a)(4)(iv). The objection is **DENIED**.

  E. **Objection 7: The ALJ's Analysis of Plaintiff's Coccydynia Claim**

Plaintiff argues that the ALJ failed to "provide a medically correct reason to reject all the signs and symptoms" from Plaintiff's chronic coccydynia. Pl.'s Objs. at 6. The ALJ found that Plaintiff's coccydynia was not severe because it does not "significantly limit her ability to perform basic work activities." Tr. of Proceedings at 25. Further, the Decision noted that Plaintiff "has received minimal treatment for her endometriosis and coccydynia since the alleged onset date." *Id*. In her Objections and in her Reply, Plaintiff argues this finding of minimal treatment is insufficient to support the finding that her coccydynia is not severe. Pl.'s Objs. at 6; Pl.'s Reply at 2-4, ECF No. 17. She cites to numerous instances on the record in which Plaintiff received treatment for her coccydynia and opined as to the severity of her coccydynia symptoms. Pl.'s Reply at 2-4. Plaintiff argues this evidence was not properly evaluated by the ALJ, as the ALJ did not find any work restrictions due to Plaintiff's coccydynia. *Id*.

Again, while this Court must address whether the ALJ analyzed all of the relevant evidence and sufficiently explained his rationale regarding that evidence, *see Milburn Colliery Co.*, 138 F. 3d at 528, it is only the ALJ's duty "to make findings of fact and to resolve conflicts in the evidence." *Hays*, 907 F.2d at 1456. The PF&R describes how the ALJ analyzed relevant evidence concerning Plaintiff's sharp pain in her lower back and tailbone in conjunction with her other claimed impairments. PF&R at 25-26. The ALJ's findings as to Plaintiff's work restrictions and her coccydynia accord with the findings of state physicians Dominic Gaziano, M.D., and Hedy Mountbatten-Windsor, M.D. on the record. *See* Tr. of Proceedings at 87-88, 92-94, 104-11. The ALJ determined these findings were persuasive. *Id*. at 31. The Court may not substitute its own opinions as to the weight of this evidence or resolve conflicts in the evidence, as these decisions lie within the province the of the ALJ. *See Hays*, 907 F.2d at 1456.

Accordingly, finding that the ALJ has analyzed all the relevant evidence concerning Plaintiff's coccydynia and explained his rationale regarding that evidence, the Court **DENIES** the Objection.

## IV. CONCLUSION

The court has reviewed Magistrate Judge Tinsley's Proposed Findings and Recommendations, Plaintiff's objections to the PF&R, Defendant's brief in support of Defendant's decision, Plaintiff's reply, and the pertinent portions of the administrative record. In so doing, the court has made a *de novo* determination of those issues within the PF&R to which plaintiff properly objected. The court finds that Magistrate Judge Tinsley was correct in concluding that there is substantial evidence in the record to support the ALJ's and the Commissioner's decision.

Accordingly, the Court **OVERRULES** Plaintiff's Objections (ECF No. 15) and **ADOPTS AND INCORPORATES HEREIN** the Proposed Findings and Recommendations (ECF No. 14). The Court **DENIES** Claimant's request to reverse the Commissioner's decision (ECF No. 9), **GRANTS** the Commissioner's request to affirm her decision (ECF No. 12), **AFFIRMS** the final decision of the Commissioner, and **ORDERS** this case stricken from its docket. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: March 28, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE